UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

JORGE SOTO JAIMES,

        Petitioner,               Case No. 1:25-cv-1397

v.                                    Honorable Paul L. Maloney

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

## **ORDER**

    Petitioner Jorge Soto Jaimes initiated this action on November 8, 2025, by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) When Petitioner filed his petition, he was detained by the United States Immigration and Customs Enforcement (ICE) at the North Lake Processing Center (North Lake) in Baldwin, Lake County, Michigan. In an order (ECF No. 3) entered on November 13, 2025, the Court directed Respondents to show cause, within three business days, why the writ should not be granted. On November 18, 2025, before Respondents could file their response, Petitioner filed a "notice of mootness and motion to dismiss without prejudice." (ECF No. 4.)

    In his motion, Petitioner represents that Respondents granted Petitioner parole until November 12, 2026, and that he was released from ICE custody on November 12, 2025. (*Id.*, PageID.18–19.) Petitioner states that he has achieved the relief sought in his § 2241 petition, rendering his challenge to his detention moot. (*Id.*, PageID.19.) Petitioner asks that the Court dismiss this action without prejudice. (*Id.*, PageID.20.) Petitioner also asks that the Court "issue a

limiting order barring Respondents from re-detaining Petitioner during the pendency of his immigration proceedings absent a substantial change in circumstances." (*Id.*)

The Court will dismiss Petitioner's § 2241 petition without prejudice as moot; however, the Court declines to enter the limiting order sought by Petitioner. In Petitioner's § 2241 petition, he challenged his detention by ICE without a bond hearing, and he requested that the Court issue a writ of habeas corpus ordering Respondents to provide him with a bond hearing or release him from custody. (*See* Pet., ECF No. 1.) As Petitioner notes in his motion, he received the relief that he requested in his § 2241 petition because "Respondents granted Petitioner parole" and released him from custody. (ECF No. 4, PageID.18.) Therefore, Petitioner is no longer in custody, and any potential, future detention is not a proper subject for the present § 2241 action. *See* 28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not extend to a [detainee] unless— . . . [h]e is *in custody* in violation of the Constitution or laws or treaties of the United States." (emphasis added)).

Accordingly, for the reasons set forth above,

**IT IS ORDERED** that Petitioner's "notice of mootness and motion to dismiss without prejudice: (ECF No. 4) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent that Petitioner's § 2241 petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. The motion is **DENIED** to the extent Petitioner requests a limiting order barring Respondents from re-detaining Petitioner in the future.

Dated:  November 20, 2025                              /s/ Paul L. Maloney
                                                                         Paul L. Maloney
                                                                         United States District Judge